[No. 9886.   Department Two.   May 2, 1912.]

SHELDON H. SMITH, *as Executor etc., et al., Respondents,* v. A. W. STILES, *Appellant.*[1]

APPEAL—DECISIONS REVIEWABLE—FINALITY OF ORDERS—REFUSING TO VACATE JUDGMENT.   The denial of a motion to vacate a default judgment for want of jurisdiction, in that the application must be by petition and service of original process, is final and appealable and conclusive on the parties, if not appealed from; and the same is true of the denial of a petition to vacate because service had been made upon the attorney for the plaintiff in the action.

SAME—SUSTAINING DEMURRER TO PETITION.   An order sustaining demurrers to a petition to vacate a default judgment because not commenced within the time limited by law, is appealable as a final order.

JUDGMENTS—DEFAULTS—ACTIONS TO RECOVER REAL PROPERTY—VACATION—LIMITATION.   An action to forfeit a land contract and re-

[1]Reported in 123 Pac. 448.

move the cloud upon the title, the complaint alleging that the defendants were nonresidents and not seeking any award of possession, is not an action to recover the possession of land, within Rem. & Bal. Code, § 806, authorizing the vacation of default judgments in actions to recover the possession of real property at any time within two years after judgment where the service was by publication; and a petition to vacate is therefore barred after one year, under the provisions of Id., §§ 235, 464, 466, providing for the vacation of judgments in other cases within one year.

APPEAL—REVIEW—INTERLOCUTORY ORDERS ON APPEAL FROM FINAL ORDER—INDEPENDENT PROCEEDINGS—VACATION OF JUDGMENT. Where, under Rem. & Bal. Code, § 466, a motion in the original action to vacate a default judgment on service by publication was made within one year, and denied for want of jurisdiction in that the proceeding must be by petition and original process, and a petition, called an amended petition, was filed under Rem. & Bal. Code, §§ 467 and 468, and dismissed because served only on plaintiff's attorney, whereupon another amended petition was served and filed and demurrers thereto sustained because not served within the time limited by law, the so-called amended petition was a new and independent proceeding, and an appeal from an order of dismissal on sustaining demurrers to the petition does not bring up for review the prior order.

EXECUTORS AND ADMINISTRATORS — ACTIONS — BY EXECUTOR FOR HEIRS—JUDGMENT—VALIDITY—QUIETING TITLE. A judgment quieting title in the heirs of a deceased person is not void because the action was brought by the executor and not in the name of the heirs.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered March 27, 1911, dismissing a proceeding to vacate a judgment, upon sustaining demurrers to the petition. Affirmed.

*Bryan & Ingle*, for appellant.
*Lewis & Legg* and *C. D. Sutton*, for respondents.

ELLIS, J.—In April, 1908, Sheldon H. Smith, as executor of the estate of Warren Smith, deceased, brought an action against the appellant, A. W. Stiles, in the superior court for Kitsap county, Washington, to cancel a contract for the sale of certain real estate and to quiet title thereto. Service of summons in that action was made by publication. On June 30, 1908, judgment by default was rendered, cancelling

the contract, and quieting title to the north half of the land in Ralph Q. Smith and Cora A. Smith, and to the south half in Olive M. Smith, as heirs of Warren Smith, deceased, as against the appellant.

On June 28, 1909, and within one year after the entry of the judgment, the appellant Stiles applied by motion in that action, supported by affidavits, for the vacation of the judgment upon the ground that the service of the summons was made by publication. This motion was served upon the attorney for the plaintiff alone. To this motion, the plaintiff, Sheldon H. Smith as executor, appeared specially and objected to the jurisdiction of the court to entertain it on the ground that the statute required such proceedings to be by petition and notice served as in original actions. This objection was sustained by the court by an order entered on August 14, 1909.

On October 2, 1909, and after the expiration of one year from the entry of the judgment, the appellant Stiles filed a petition, entitled an amended petition, to vacate the judgment on the ground it was rendered upon service by publication, and other grounds. This was also served upon the attorney for the plaintiff alone. The plaintiff, Sheldon H. Smith as executor, again appeared specially and objected to the jurisdiction upon the ground that there was no notice served, nor any service of the petition as required by the statute. On the same day, the court entered an order sustaining this objection to the jurisdiction.

On October 25, 1909, the appellant served another petition, also styled an amended petition, and a summons upon Sheldon H. Smith as executor of the estate of Warren Smith, deceased. Sheldon H. Smith appeared personally by special appearance, and disclaimed any interest in the subject-matter of the suit, and alleged that he had settled his account as executor, that the real estate in question had been distributed and that on July 25, 1908, he had been discharged as executor of the estate.

On March 19, 1910, upon motion of the appellant, the court ordered that Ralph Q. Smith, Cora A. Smith, and Olive M. Smith be made parties to the proceeding, and that they be served with summons and petition therein. They were thereupon named, by amendment of the last mentioned petition, as defendants with the appellant Stiles, and were served with the summons and petition. This service, though not appearing in the transcript, it is admitted by the respondent was made on May 26, 1910. The respondents Ralph Q. Smith and Cora A. Smith, minors, by their guardian, jointly demurred to the petition, and Olive M. Smith demurred separately, both demurrers being upon the ground that the petition did not state facts sufficient to entitle the petitioner to relief, and on the further ground that the proceeding was not commenced within the time limited by law. These demurrers were sustained by the court on January 7, 1911, and on the same day the amended petition was filed. The appellant elected to stand upon his last amended petition; and on March 27, 1911, a judgment against him dismissing the proceeding, with costs, was entered. From that judgment this appeal was taken.

Upon this much confused record, our task is to determine under what statute the appellant was attempting to proceed in these various petitions, and under what statute he was entitled to proceed, with a view to determining which period of limitation applied to the proceeding—the one year provided by the general statutes relating to the vacation and modification of judgments (Rem. & Bal. Code, §§ 235, 464 *et seq.*), or the two years provided by the statute relating to vacation of judgments by default on service by publication in actions for the recovery of possession of real property (Rem. & Bal. Code, § 806).

The first application having been by motion, was clearly intended to invoke the provisions of Rem. & Bal. Code, § 466, permitting a vacation of judgment for mistake, omission, or irregularity in obtaining the same. The period of limitation

for proceeding under that section is one year from the entry of the judgment. The holding of the court that it had no jurisdiction to entertain the motion, in that the application should have been made by petition and notice served as in original actions, was a final and appealable order.

The second application was plainly directed to Rem. & Bal. Code, § 235, the general statute providing for the vacation of judgments when rendered upon service by publication, on such terms as may be just, and was framed under §§ 467 and 468, prescribing the procedure by petition and notice served as in original actions. The petition was based mainly upon the ground that service in the original action was by publication and the application was by petition and summons. The period of limitation for proceeding under these sections is also one year from the entry of the judgment sought to be vacated. The judgment of the court that it had no jurisdiction to entertain this second petition, because service was had only upon the attorney for the plaintiff and not upon the plaintiff, was also a final and appealable order.

The last petition, which included as codefendants with the petitioner Stiles, the real parties in interest as shown by judgment sought to be vacated, namely, the heirs of Warren Smith, served on May 26, 1910, was obviously too late unless it can be sustained as a proceeding under Rem. & Bal. Code, § 806. That section provides that in actions to recover possession of real property where the service of summons is by publication, and judgment is given for failure to answer, the defendant, or his successors in interest, shall be entitled upon application to the court or judge thereof at any time within two years after the entry of the judgment to have an order vacating the judgment and granting a new trial upon payment of the costs. The judgment of the court sustaining the demurrers to this petition, upon the ground that the proceeding was not commenced within the time lim-

ited by law, was a final order. It is the only order from
which an appeal was taken.

The action in which the judgment was rendered the vaca-
tion of which was sought, was a suit to forfeit a land con-
tract and remove a cloud from the title to the land. It
was not a suit to recover possession of land. The com-
plaint in that action did not allege that the defendant Stiles,
or any one for him, was in possession, but did allege that
he was absent from the state and had no agent or repre-
sentation therein. The prayer was for a decree forfeiting
the defendant's interest and quieting the title to the land.
The decree quieted the title, but made no award of possession.
Since the action was not an action to recover possession of
real estate, the appellant could not proceed to vacate the
judgment under § 806. We recently so held in *Bruhn v.
Pasco Land Co.*, 67 Wash. 490, 121 Pac. 981. The two-
year period of limitation prescribed by that section therefore
cannot apply. The final application, which is the only one
to which the necessary persons were parties, was made too
late. The demurrers were properly sustained.

The appellant seeks to avoid this result by the fact that
the final petition is styled an amendment of the prior petition
which was in turn entitled as an amendment to the first mo-
tion. This will not avail. The first motion, which is the
only one made within one year after the entry of the judg-
ment sought to be vacated, was made under § 466, and was
*a wholly different proceeding*, both *in manner of commence-
ment and in the facts necessary to be set up*, from that in-
voked by the second application by petition under §§ 235,
467, and 468. No appeal having been taken from the order
of the court denying jurisdiction of that first motion, that
order effectually and finally disposed of that proceeding.
The failure to appeal from that order makes it conclusive
upon us. There was nothing to amend. The so-called
amended petition was a new proceeding under a different
statute.

The appellant contends that, under Rem. & Bal. Code, § 1716, subd. 7, the appeal from the judgment sustaining the demurrers to the last petition, and dismissing the proceeding, brings up all prior orders. This is not tenable. The different proceedings to vacate were in their nature independent of each other. The order rendered on each application was final and appealable. The prior orders were not of such interlocutory nature as to fall within the purview of the statute cited. Moreover, they were not mentioned in the notice of appeal. *State ex rel. Dutch Miller Min. & Smelting Co. v. Superior Court*, 30 Wash. 43, 70 Pac. 102; *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634.

It is also urged that the judgment in the original action was void because the action was brought by the executor, and not in the name of the heirs. This court held to the contrary in *Gibson v. Slater*, 42 Wash. 347, 84 Pac. 648. The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MORRIS, and MOUNT, JJ., concur.