MITCHELL, EXR., *v.* THE CITY OF BRIDGEPORT.

*Executors — Action to quiet title — Right to maintain — Parties — Heirs of testator.*

Where a will directs the executor to sell the real estate of the testator and empowers him to make deeds therefor to purchaser, such executor may maintain an action to quiet the title to such real estate against a person claiming an adverse interest therein, and it is not necessary that the heirs of the testator be parties thereto.

(Decided December 11, 1917.)

ERROR: Court of Appeals for Belmont county.

*Mr. James C. Tallman* and *Mr. Gordon D. Kinder,* for plaintiff in error.

*Mr. Fred Spriggs,* for defendant in error.

METCALFE, J.   The question in this case is raised by the demurrer to the petition.   It is averred in the petition that the plaintiff is the executor of the will of Josephine K. Mitchell; that by the terms of said will he was directed to sell the real estate of the testatrix and to make deeds for the same and convey the title thereto to the purchaser; that the real estate in question was a part of the estate of said testatrix; and that the defendant claims an adverse interest therein.

It is urged by the defendant in error that the direction in the will to the plaintiff as such executor to sell the real estate and convey the title thereto to the purchaser, does not give him the right to maintain an action to quiet title, but that to entitle him to maintain such action it is necessary to aver and prove both legal title and actual possession.

Under former legislation it is undoubtedly true that the plaintiff in an action to quiet title would have to aver and prove both legal title and actual possession.   *Thomas* v. *White*, 2 Ohio St., 540; *Douglass* v. *Scott*, 5 Ohio, 194; *Harvey* v. *Eaton*, 1 Dis., 65, and *Chamberlain* v. *Marshall*, 8 Fed. Rep., 398.

The statute then in force (29 O. L., 81) provided that "Any person having the legal title and possession of land may file a petition against any other person setting up a claim thereto."

In *Hubbard* v. *Clark*, 8 Ohio, 382, Judge Hitchcock, delivering the opinion of the court, says at page 385:

"By this section of law a complainant, in order to sustain his bill, must show that he is vested not

only with a legal title, but with the *actual posses-sion* of the land in controversy."

This was the unquestioned law of the state until 1893 — at which time the section above quoted appeared in the Revised Statutes as Section 5779, in substantially the words of the original enactment. The legislature in 1893 (90 O. L., 226) amended Section 5779, Revised Statutes, as follows:

"An action may be brought by a person in possession, by himself or tenant, of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse estate or interest; or such action may be brought by a person out of possession, having or claiming to have an estate or interest in remainder or reversion in real property, against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein."

This is substantially identical with the language of Section 11901, General Code.

Under the law as it now stands it is plain that an averment of legal title in the plaintiff is unnecessary. Is it also unnecessary in such an action by an executor, where he is directed by the will to sell the land of the testator and convey the title thereto to the purchaser, to aver actual possession?

We are of the opinion that such an averment is unnecessary. In *Dabney* v. *Manning,* 3 Ohio, 321, it is held that power given to an executor by the will to sell the testator's land and distribute the proceeds among the heirs is a power connected with a trust, and entitles the executor to the possession of the land. In *Lessee of Williams* v. *Veach,* 17

Ohio, 171, the question again came to the same court, and, on page 183, the court say:

"It seems to the court, that taking the whole will together, it furnishes a strong case, of a power conferred by will upon executors to sell real estate, and that this power is coupled with an interest. A much stronger case, in fact, than the case of *Dabney* v. *Manning,* 3 Ohio R. 321; and upon careful examination we are brought to the conclusion that the court did not err in instructing the jury, that by force of the will of John Kidd the premises in controversy were vested in fee simple in his executors, and did not descend to his heirs."

In *Elstner* v. *Fife,* 32 Ohio St., 358, it is held that where a testator makes no other disposition of his property except to direct that it shall be sold by his executors and the proceeds paid to a trustee for the benefit of certain legatees, the right of possession passes with the will to the executors to enable them to effect the object of the testator. See also *Roberts, Admr.,* v. *St. Bernard,* 8 C. C., N. S., 422, 29 C. C., 725; *Lessee of Boyd* v. *Talbert,* 12 Ohio, 212, and *Barkman* v. *Hain,* 5 N. P., 508. These decisions settle the question of the right of the executor to the possession of the land. Whether or not he must aver actual possession to enable him to maintain an action to quiet title has not been determined by the supreme court of Ohio.

But in *Sears* v. *Scranton Trust Co.,* 77 Atl. Rep., 423 (228 Pa. St., 126), the exact question came before the supreme court of Pennsylvania, and in that case the court held:

"The direction to an executor to sell the decedent's property and pay the proceeds to the widow

gives the executor full power over the realty, and the right to maintain any action necessary to carry out the directions and protect the interests charged, including the power to maintain a bill to remove a cloud on the title."

On page 426 the court say:

"The direction to the executor to sell the decedent's property and pay the proceeds to the widow worked a conversion, and gave the executor full power and authority over the real estate, with the right to maintain any action at law or in equity which might be necessary to carry out the direction and to protect the interests with which it was charged."

And, again, on the same page:

"While it is true that ordinarily a personal representative has not the right to maintain a bill or an action concerning the real estate of his decedent, the case is different where an executor is given an interest in the real estate such as under the present will.  In a case like this where the executor is practically constituted a trustee of the real estate, and is directed to sell in order to effect a conversion, if a cloud exists upon the title, it is his right and duty to do all in his power to have the cloud removed so that he may more advantageously carry out the direction to sell."

In *Lafferty* v. *Sexton & Son,* 41 Ia., 435, it is held:

"Where the possession and control of real estate is given to the executors for the purpose of carrying out the provisions of the will, they are authorized to maintain an action to quiet the title thereto."

See also *Smith, Exr.,* v. *Stiles,* 68 Wash., 345, 123 Pac. Rep., 448; *Pennie* v. *Hildredth,* 81 Cal., 127, 22 Pac. Rep., 398; *Quinton* v. *Neville,* 152 Fed Rep., 879; *Dundas's Appeal,* 64 Pa. St., 325, and *McClure's Appeal,* 72 Pa. St., 414.

A consideration of these cases seems to indicate that where a testator has directed his executor to sell the lands for the purpose of carrying out the provisions of his will, such direction works a conversion of the property and carries with it the title and possession necessary to enable him to maintain any action which may be necessary to carry out the provisions of a will, including an action to quiet title.

*Judgment reversed.*

POLLOCK and FARR, JJ., concur.