[No. 17811. Department Two. August 27, 1923.]

WILLIAM E. LAWRENCE et al., Respondents, v. THOMAS RAWSON et al., Defendants, AUTOMOBILE INSURANCE EXCHANGE, Appellants.[1]

APPEAL (179)—COMMENCEMENT OF PERIOD—INTERLOCUTORY ORDERS —EXTENSION OF TIME—MOTION FOR REHEARING. An appeal taken more than five months after the denial to vacate judgment should be dismissed as not taken within the time limited by law.

JUDGMENT (40)—DEFAULT—MOTION TO VACATE—EXCUSES. Motions to vacate default judgments, taken on personal service, are properly denied, where no sufficient excuse is shown for failure to answer.

APPEAL (85)—RIGHT TO APPEAL—PERSONS OTHER THAN PARTIES. One who was not a party to the action and who had refused to become a party by intervention on permission so to do, has no appealable interest and cannot appeal from the judgment.

Appeals from orders of the superior court for Pierce county, Card J., entered March 28, 1922, refusing to open and vacate default judgments. Affirmed.

[1]Reported in 217 Pac. 1019.

*C. E. Stevens* and *John B. Van Dyke,* for appellants.

*G. F. Vanderveer,* for respondents Ward and Rawson.

*Harry Phelps,* for respondent Edwards.

PEMBERTON, J.—On December 29, 1921, an automobile truck owned by Thomas Rawson, doing business as the Auto Freight Company, became disabled on the public highway. D. Edwards, one of the respondents, driving his automobile and accompanied by respondents Lawrence and Ward, collided with the disabled truck, resulting in damages to the automobile of Edwards and personal injuries to both Lawrence and Ward. Thereafter, Edwards, Lawrence and Ward, respondents, independently of each other, recovered judgments against Thomas Rawson and Bertha Rawson, his wife, doing business as the Auto Freight Company, for the damages sustained as a result of the automobile collision. It appears.that these judgments were entered by default upon personal service of summons as provided in subd. 12 of § 226, Rem. Comp. Stat. [P. C. §§ 8438, 8439].

At the time of the accident complained of, the Auto Freight Company was carrying a policy of the Automobile Insurance Exchange, as provided by ch. 111, p. 338, Laws of 1921; Rem. Comp. Stat., § 6387; covering liability and property damage, to which policy there was attached an endorsement in part as follows:

"The following is agreed to by all parties to this contract and is hereby made a part of this policy, and any part of this policy in conflict herewith is void.

"This policy is written in pursuance of and is to be construed in accordance with Chapter 111, of the Session Laws of 1921, and the Rules and Regulations of the Department of Public Works of Washington, adopted thereunder. This policy is to be filed with the

State for the benefit of persons who sustain damage or injury from the negligent operation of any of the motor vehicles described herein. . . . .

"RIGHT OF ACTION.—No action shall be maintained against this Exchange under this policy unless brought after the amount of loss shall have been fixed either by a final judgment against the Assured by the Court of last resort after trial of the issue or by agreement between the parties with the written consent of the Exchange. The Exchange shall be bound, however, as to such final judgment, not exceeding the limits of the policy, to pay and satisfy such judgment and to protect the Assured against the levy of execution issued upon same. The insolvency or bankruptcy of the Assured shall not release the Exchange from the payment of damages for injuries sustained or loss occasioned during the life of this policy, and in case execution against the Assured is returned unsatisfied upon an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, an action may be maintained by such injured person, or his or her personal representatives, against the Exchange under the terms of the policy for the amount of the judgment in said action not exceeding the amount of the policy. In no event shall any action be maintained against the Exchange under this policy unless brought within one year after right of action accrues. . . . ."

The policy also included the following provisions:

"(10) In the event of loss or damage under Section 1 hereof, the Assured shall give immediate written notice thereof to the Exchange at its Home Office in Seattle, Washington, or to its Attorney and Manager; and shall protect the property from further loss or damage: The acts of the Assured or the Exchange or their Agents, in recovering, saving or preserving the property hereby insured, shall not be considered a waiver or an acceptance of an abandonment, nor as

affirming or denying any liability under this policy, but such acts shall be considered as done for the benefit of all concerned and without prejudice to the rights of either party, and all reasonable expenses thus incurred by the Assured or his Agents shall constitute a claim under this policy.  . . . .

" (19)   Upon the occurrence of any loss or accident covered under Section II hereof, the Assured shall give immediate written notice to the Exchange at its Home Office in Seattle, Washington, or to its Attorney and Manager with the fullest information obtainable at the time: If a claim is made on account of any such accident, the assured shall give like notice thereof immediately after such claim is made with full particulars; if thereafter any suit is brought against the Assured to enforce such claim, the Assured shall immediately forward to the Exchange every Summons or other process as soon as the same shall have been served:   Whenever requested by the Exchange the Assured shall aid in effecting settlement, securing information and evidence, the attendance of witnesses and in prosecuting appeal, and at all times render all possible co-operation and assistance:   The Assured shall not voluntarily assume any liability or interfere in any negotiation for settlement or in any legal proceedings or incur any expense or settle any claim except at Assured's own cost without the written consent of the Exchange previously given:   The Exchange reserves the right to settle any such claims or suits brought against the Assured."

The Automobile Insurance Exchange was notified by respondents to pay their judgments, and thereafter the appellants Rawson and wife filed motions to set aside the several default judgments.   At the same time, petitions were filed by the Automobile Insurance Exchange setting forth the fact that it is an insurer and received no notice of the accident or the filing of the suits and asked that the default judgments be annulled, cancelled and set aside.   The motions to vacate were

denied on April 15, 1922. Instead of appealing therefrom, appellants moved for a rehearing. At the time of the hearing of these motions, respondents consented to the granting of the same on the condition that the Automobile Insurance Exchange would become a party to these actions by intervention. The insurance company refused to intervene. Their motions having been denied a second time, this appeal is taken more than five months after the denial of the original motions to vacate the judgments.

The respondents moved the court for an order dismissing the appeals upon the ground that they were not taken within the time limited by law. More than five months having elapsed since the denial of the motions to vacate the judgments, it would seem that the motion to dismiss the appeals of Thomas Rawson and Bertha Rawson, his wife, should be granted under the rule announced in the case of *Smith v. Stiles*, 68 Wash. 345, 123 Pac. 448, where we said:

"No appeal having been taken from the order of the court denying jurisdiction of that first motion, that order effectually and finally disposed of that proceeding. The failure to appeal from that order makes it conclusive upon us. There was nothing to amend."

Upon a review of the record, however, we are satisfied that the trial court properly denied the motions to vacate the default judgments. These judgments were entered upon personal service and no sufficient excuse is shown for the failure to answer and defend the actions.

Motion is also made to dismiss the appeal of the Automobile Insurance Exchange for the reason that it is not a party to any of the causes before the court. Not being a party, and having refused to become a party by intervention when permission was so granted,

the Automobile Insurance Exchange has no appealable interest in these cases and its appeal is therefore dismissed.

The judgment is affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.