TAYLOR ET AL., APPELLANTS, *v.*
GARINGER ET AL., APPELLEES.

(No. CA85-07-010 — Decided
February 28, 1986.)

*Brandabur, Campbell, Finlay, Johnson, McCormick, Weckstein & Beard* and *J. Timothy Campbell,* for appellant Betty Taylor.

*Kiger & Roszmann* and *James A. Kiger,* for appellant Willard Lanum.

*Schwart & Schwart* and *Omar A. Schwart,* for appellees Charles M. Garinger, a.k.a. Max Garinger, individually; Martha Hazel (Andrews) Garinger; and Jill Garinger.

*Hammond & Hammond* and *Robert L. Hammond,* for appellee Charles M. Garinger, a.k.a. Max Garinger, as executor.

HENDRICKSON, J.  On December 1, 1980, defendant-appellee, Charles M. Garinger, filed an application for appointment as guardian of Bess Lanum, also known as Bess Myrl Lanum and Bessie Myrl Lanum. At that time, Bess Lanum's physician wrote a note to the probate judge in which he said, "Bess Lanum is mentally incapable of taking care of her own business affairs and physical care. She does need to be cared for in a nursing home." The court proceeded to appoint Garinger, the nephew of Bess Lanum, as her guardian.

Although Bess Lanum had on October 22, 1979 executed a document which purported to be her last will and testament, she decided in 1981 that she wanted to make a new will. Since the attorney for the guardian was uncertain that Bess Lanum could make a new will after having been found incompetent by reason of advanced age and mental illness, the guardian filed a motion in the court of common pleas, probate division, asking the court to determine whether the ward was "still incompetent by reason of mental illness." The court overruled the motion. Nevertheless, on November 19, 1981, Bess Lanum executed a new will, which was prepared by an attorney who was aware of the guardianship but was not aware of the finding that Bess was mentally ill.

Bess Lanum died April 10, 1983 and the document executed November 19, 1981 was admitted to probate by the Probate Division of the Court of Common Pleas of Fayette County as the last will and testament of the decedent.

On November 7, 1983, plaintiff-appellant Betty Taylor, a niece of decedent, filed her complaint to contest the will of the decedent. The evidence introduced at trial disclosed that at the time decedent made her last will, she knew her next of kin and the nature and extent of her assets, and that the size of the bequests in the new will was reasonable considering the extent of her assets as estimated in the guardianship proceedings and at trial. There was conflicting evidence as to whether decedent told stories such as that a dog had puppies in her closet at the nursing home, or that monkeys would come into her room at night.

The evidence included the deposition of the physician whose note accompanied the application for the appointment of a guardian for decedent. This physician continued to see decedent at the nursing home until her death, and he said, "I visited her at least once a month during all those years and I felt that she

was perfectly competent." He also said that when he was ready to leave, "she would tell me about monkeys coming out of the ceiling at night to bother her and wondered if I could do anything about that." The record contained very little evidence other than the references to animals which would even suggest incompetency.

During the trial, counsel for both parties, out of the presence of the jury, requested that the trial judge give certain jury instructions. One of the requests was the following, which was appellants' requested instruction number six, to wit:

"A finding of incompetency by the probate court creates a presumption that such person does not have the legal capacity to make a will and requires a high degree of proof to demonstrate that such person has the capacity to make a will."

The trial judge refused to give the instruction. The jury found that the will executed by decedent on November 19, 1981, which had been admitted to probate, was the last will and testament of Bess Lanum. This appeal is from that verdict.

Appellants' brief sets forth four assignments of error. We shall first consider appellants' fourth assignment of error which is that "[t]he trial court erred by refusing to give appellants' requested jury instruction number six."

Appellees contend that appellants' requested jury instruction number six is not a correct statement of the law. We agree.

The law on this subject is set forth in the last three paragraphs of the syllabus of *Kennedy* v. *Walcutt* (1928), 118 Ohio St. 442, 161 N.E. 336, which read as follows:

"4. While every person is presumed to be of sound mind, yet when a person has been declared insane by a court of competent jurisdiction and is under guardianship, the presumption of sanity is not only removed but a presumption of insanity arises. When a will of such a person, made after such adjudication, having been admitted to probate, becomes the subject of a will contest, the burden of proof by statute being cast upon the contestants of the will, the presumption of continuance of such insanity was a rebuttable one and would be removed when sufficient evidence had been introduced to meet, extinguish, rebut, countervail or overcome such presumption arising from the adjudication of insanity.

"5. The degree of proof necessary to remove a presumption is not to be confused with the degree necessary to sustain the burden of proof. When a party is not required to sustain the burden of proof upon some particular issue, a rebuttable presumption arising out of such issue may be overcome by evidence which counterbalances the evidence to sustain the presumption; however, when such party is required to assume the burden of proof upon an issue, any rebuttable presumption arising therefrom must be removed by the same degree of proof necessary to sustain the issue.

"6. In a will contest, by virtue of the statute, the burden of proof is cast upon the contestant of the will and such burden never shifts from him; and before a jury would be justified in setting aside a will, the evidence adduced in the case against the will must outweigh both the evidence adduced in favor of the will and the presumption arising from the order of the probate court admitting the will to probate as the valid last will and testament of the testator."

Thus, there is no requirement of a "high degree of proof" to demonstrate testamentary capacity. Instead, all that is necessary is to rebut the presumption of a lack of testamentary capacity that arises from a declaration of incompetency. This can be done by showing that the decedent had sufficient mind and memory:

"First, to understand the nature of the business in which he is engaged;

"Second, to comprehend generally the nature and extent of his property;

"Third, to hold in his mind the names and identity of those who had natural claims upon his bounty;

"Fourth, to be able to appreciate his relation to the members of his family." *Niemes* v. *Niemes* (1917), 97 Ohio St. 145, 119 N.E. 503, paragraph four of the syllabus.

Thus, jury instruction number six as requested by appellants was not a correct statement of the law governing the issue of competency to make a will. Consequently, we find that there was no error on the part of the trial court in refusing to give the instruction,[1] and appellants' fourth assignment of error is overruled.

Appellants' first two assignments of error are that the verdict was against the manifest weight of the evidence in that decedent was not of sound mind and memory when she made her last will and that she was under restraint when the will was made. A review of the record discloses that there was competent, credible evidence going to all the essential elements of the case from which the jury could conclude, by using the test set forth in response to appellants' fourth assignment of error, that decedent had the capacity to make a will on November 19, 1981, and that she was not under any restraint.

It has been held that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279, 8 O.O. 3d 261, 376 N.E. 2d 578, syllabus; *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 410-411, 461 N.E. 2d 1273, 1276.

Therefore, appellants' first two assignments of error are overruled.

Appellants' third assignment of error is that "[t]he trial court erred in denying appellants' motion for new trial because the verdict of the jury was not sustained by the weight of the evidence, and was thereby contrary to law." For the reasons given in ruling upon appellants' first two assignments of error, appellants' third assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and JONES, J., concur.

---

[1] We agree with appellants that had the instruction as requested been a correct statement of the law, the failure to object to the charge as given before the jury retired to consider its verdict would not have prevented appellants from asserting this assignment of error as there was substantial compliance with Civ. R. 51(A). See *Presley* v. *Norwood* (1973), 36 Ohio St. 2d 29, 65 O.O. 2d 129, 303 N.E. 2d 81.