NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2716
_____

ROTIMI A. OWOH; OBAFEMI R. OWOH;
ROTIMI R. OWOH, II,

Appellants

v.

JASON S. SENA; CUTOLO MANDELL, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. C. Civil Action No. No. 3-16-cv-04581)
District Judge: Honorable Peter G. Sheridan
_____

Submitted under Third Circuit LAR 34.1(a)
on January 24, 2019

Before: JORDAN, KRAUSE and ROTH, Circuit Judges

(Opinion filed October 23, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Plaintiffs appeal the District Court's grant of summary judgment to defendants in a case involving their attempt to collect a debt and their compliance with the Fair Debt Collection Practices Act (FDCPA) and the Bankruptcy Code. We will affirm the judgment of the District Court.

I

Plaintiff Rotimi Owoh is a condominium owner and the debtor in this case. The other plaintiffs are Owoh's children.[1] Defendant Cutolo Mandell LLC is a law firm in New Jersey, and defendant Jason Sena is an attorney at that law firm who has served as Owoh's point of contact regarding this debt. In 2009, Owoh's condominium association embarked on an improvement project that required substantial contributions from owners and levied a "Renovation Project Special Assessment" to fund it. The owners were given the option to pay the full sum immediately or to make monthly payments to the association that would mirror a loan the association had obtained with Capital One Bank.[2] Owoh chose to make monthly payments and did so until 2014, when he filed for bankruptcy. After the bankruptcy proceedings were resolved, Owoh did not resume his monthly payments, but his balance continued to accrue.

---

[1] These plaintiffs, Obafemi Owoh and Rotimi Owoh II, alleged injury based on the same claims as their father in the complaint. They were dismissed on September 22, 2016, for lack of standing. On appeal, plaintiffs dispute this dismissal and argue for standing. References to "Owoh" in the remainder of the decision refer to the elder Rotimi Owoh.

[2] The only parties to the loan were the association and Capital One.

2

Defendants contacted Owoh in 2015 regarding his debt. After he requested an itemized accounting of the debt, they sent him a statement on October 16, 2015, with an outstanding balance of $4,619.90.[3] A claim of lien was filed on May 11, 2016, with an outstanding balance of $10,137.38.[4] A Certificate of Amount of Unpaid Assessments, prepared by the condominium association and dated November 1, 2016, included $10,814.91 in assessments but also mentioned the $8,364.48 that had been discharged in the 2014 bankruptcy, for a total of $19,179.39.

Plaintiffs sued under the Bankruptcy Code and the FDCPA, claiming that (1) the 2014 bankruptcy had discharged all debt under the monthly payment scheme and (2) defendants' efforts to collect that debt were coercive and misleading and violated certain guarantees of specificity. Defendants filed a motion for summary judgment, and the District Court granted the motion in full on March 8, 2018. The District Court determined that (1) Owoh's repeated requests for verification did not themselves create an FDCPA violation, (2) plaintiffs' coercion arguments were a reframing of the arguments that the 2014 bankruptcy had discharged all future monthly payments, (3) the varying numbers from defendants were not themselves indicia of falsity, and (4) the $19,179.39 amount on the certificate was irrelevant because the certificate was prepared by the condominium association, a non-party. On June 12, 2018, the District Court denied several of plaintiffs' post–summary judgment motions, including motions for

---

[3] The itemized list of fees and assessments owed included fees not at issue here.
[4] To the extent that this claim of lien was itemized, it included fees not at issue here.

reconsideration of the grant of summary judgment and to amend the complaint. Plaintiffs appealed.

## II[5]

On appeal, plaintiffs raise several errors that they believe the District Court committed.[6] None of them have merit.[7]

Owoh first argues that the District Court erred in determining that the assessment falls into the category contemplated by 11 U.S.C. § 523(a)(16) and is thus not discharged. This provision states that "a fee or assessment . . . with respect to the debtor's interest in a unit that has condominium ownership" is not discharged if the debtor retains an ownership interest and the assessment comes due after bankruptcy. He argues that the $123 monthly payment is not a fee or an assessment and correctly notes that the initial paperwork regarding the condominium improvements specifically refer to the monthly

---

[5] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise de novo review over the District Court's grant of summary judgment." *Simpson v. Att'y Gen. U.S.A.*, 913 F.3d 110, 113 (3d Cir. 2019).

[6] Plaintiffs' brief provides fifteen issues to be reviewed, but we have distilled these issues into three categories of arguments, in addition to standing.

[7] As a preliminary matter, we must first address arguments regarding standing given that they are jurisdictional. Plaintiffs claim that both Rotimi Owoh II and Obafemi Owoh have standing because they have been harmed by the debt collection proceedings. However, we agree with the District Court that the future injuries are speculative and thus do not confer standing. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 194 (3d Cir. 2016). Plaintiffs' alternate argument about their inability to access the pool, garden, and other facilities and events must similarly fail. Even if these injuries are constitutional injuries in fact, they are well outside the "'zone of interests' intended to be protected" by the FDCPA and the Bankruptcy Code and thus run afoul of prudential standing requirements. *Davis ex rel. Davis v. Phila. Housing Auth.*, 121 F.3d 92, 96 (3d Cir. 1997). As a result, the remaining discussion will treat the elder Rotimi Owoh as the sole appellant.

payment plan as an "Association Loan."[8]  Despite this, that paperwork also clearly stated

that "the loan is taken out by the Association" and would not appear on credit reports,

and it also referred to the payments as "the assessment" in virtually every other place in

the paperwork.  Despite Owoh's arguments to the contrary, the most natural

characterization of the monthly payment is as a fee or assessment, particularly since the

loan in question was obtained by the association without any input or assent from him.

As a result, we conclude that § 523(a)(16) directly applies to the post-discharge payments

at issue here.[9]

Owoh also relies heavily on a November 1, 2016, Certificate of Amount of Unpaid

Assessments in arguing that defendants have misrepresented the amount of debt due

under the FDCPA.  But while the $19,179.39 amount listed in that certificate is

substantially higher than the debt Owoh may be liable for, the certificate explicitly

describes $8364.48 as having been partially discharged in the 2014 bankruptcy.  When

that portion is excluded, the remaining $10,814.91 is numerically consistent with the

other amounts discussed by Owoh.  The District Court's conclusion that the $19,179.39

amount was immaterial to the FDCPA claim was therefore correct.  To the extent that

Owoh attempts to characterize the six remaining debt balances as creating an issue of

material fact as to the FDCPA claim, there is no genuine dispute, since those balances

---

[8] App. 51.

[9] To the extent that plaintiffs argue that the question of the monthly payment's characterization requires either further discovery or is a matter for the jury, we disagree; even when drawing justifiable inferences in the plaintiffs' favor, the payments cannot be reasonably characterized as loans.  Owoh's reliance on a generalized fairness argument that notes that his bankruptcy would have discharged any loan he obtained himself also fails as it cannot override the statutory language of § 523(a)(16).

5

were prepared at six different points in time and they are consistent with both the accrual of interest and the monthly addition of unpaid balances.[10] Indeed, finding otherwise would allow virtually all debtors to proceed to trial if they could obtain two documents with different loan balances.

Owoh also argues that the inclusion of the $19,179.39 figure itself was sufficiently confusing to violate the FDCPA.[11] We need not reach that question, however, as the District Court's determination that the certificate was created by the association, a non-party, was not in error. While the non-moving parties are entitled to "justifiable inferences" in their favor,[12] Owoh argues that his receipt of the certificate from defendants should suffice to create an issue of material fact as to its authorship. This is beyond a justifiable inference, and it cannot, without additional evidence, overcome the fact that the property manager for the association signed the certificate.[13] The District Court therefore did not err in granting summary judgment.

---

[10] This case is therefore distinguishable from *Kaymark v. Bank of America, N.A.*, 783 F.3d 168 (3d Cir. 2015), *abrogated in part on other grounds*, *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), and *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3d Cir. 2014), where the plaintiffs claimed that certain specific debts were included prematurely in the amount due.

[11] Such claims are subject to the "least sophisticated debtor" standard, in that an FDCPA violation exists if "the objective least sophisticated debtor would be" "confused or misled" by a representation made by a debt collector. *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 427 (3d Cir. 2018) (quoting *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418–19 (3d Cir. 2015)). Owoh argues that the certificate meets this standard because a bankruptcy judge in a related case expressed concern that the language in the certificate might be misleading.

[12] *Paladino v. Newsome*, 885 F.3d 203, 210 (3d Cir. 2018) (quoting *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004)).

[13] This is particularly true in light of the fact that the certificate must be produced pursuant to New Jersey state law. N.J.S.A. 46:8B-21(d).

## III

For the above reasons, we will affirm the judgment of the District Court.