SWIHART et al., Appellants,

v.

DOZIER, Exr., Appellee.

[Cite as *Swihart v. Dozier* (1998), 127 Ohio App.3d 552.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9-97-91.

Decided May 13, 1998.

554

*Daniel E. Shifflet & Co., L.P.A.*, and *Kevin P. Collins*, for appellants.

*Mason, Mason & Ellis* and *Mark J. Ellis*, for appellee.

---

HADLEY, Judge.

This is an appeal of the Marion County Common Pleas Court, Probate Division judgment entry granting summary judgment. For the following reasons, we affirm that decision in part and reverse it in part.

The facts of the case arose as follows. Jerry and Shirley Swihart were married for over thirty years. During their marriage, they had four sons: Randy, Robert, Roger, and Rick ("appellants"). In September 1991, Jerry Swihart and Terrie L. Dozier ("appellee") began an extramarital affair[1] that lasted until his death on June 16, 1996.

In 1996, Jerry Swihart learned that he had terminal cancer. Therefore, he sought the services of Quality of Life Hospice. Jerry briefly left Life Hospice to seek a second opinion in Columbus on June 5, 1996. He returned to Life Hospice later that day and told staff he wanted to spend the weekend with appellee at her mother's home.

After the weekend, Jerry returned to the hospital. On June 11, 1996, Jerry called his attorney, Mr. Firstenberger, regarding the preparation of a new will. Firstenberger brought the new will with him to Jerry's hospital room later that day. He did not read the will to Jerry, as other people were present in the room. Nevertheless, Jerry signed the will, making appellee the sole beneficiary of his estate.

---

1. Terrie Dobbs was married to Bill Dozier at all times. Jerry divorced Shirley in the spring of 1995.

On June 12, 1996, the hospital discharged Jerry and he returned to appellee's home. On June 16, 1996, Jerry died.

Jerry's new will was submitted to the probate court on June 17, 1996. The will was admitted on July 25, 1996.

Appellants subsequently filed a complaint contesting the will. The basis of their complaint was that Jerry lacked testamentary capacity and that the will was obtained by appellee's undue influence.

On November 15, 1996, the probate court ordered that all discovery and depositions be completed by March 3, 1997. On or around February 20, 1997, appellee sent interrogatories to appellants' attorney. Then, on February 26, 1997, appellee filed a motion for continuance of the discovery deadline.

On March 10, 1997, the probate court granted appellee's motion. It further set a new discovery deadline for May 16, 1997.

On March 26, 1997, appellee filed a motion to compel discovery. The probate court granted appellee's motion that same day and ordered appellants to comply on or before April 15, 1997.

Appellants filed their answers to appellee's interrogatories on April 15, 1997. Although acknowledging receipt of those interrogatories, appellee filed a subsequent motion for sanctions on April 22, 1997.

The probate court granted appellee's motion on June 6, 1997. As sanctions, the court prohibited appellants from admitting any further exhibits into evidence.

That same day, appellee filed a motion for summary judgment. In support of her motion, appellee attached affidavits of Firstenberger, his secretary, and appellee. Additionally, she attached the Quality of Life Hospice records.

Appellants responded to that motion on June 27, 1997. Attached to their memorandum in opposition were affidavits from Randy Swihart, Robert Swihart, Roger Swihart, Connie Swihart, Shirley Swihart, and Leatha Wolfe. Additionally, they also submitted the Quality of Life Hospice records and appellee's dissolution judgment entry.

On November 25, 1997, the probate court granted appellee's summary judgment motion. It is from that decision that appellants are appealing the following two assignments of error:

"ASSIGNMENT OF ERROR NO. 1

"The Marion County Probate Court erred to the prejudice of plaintiffs-appellants by imposing sanctions under Ohio Civil Rule 37(b)(2) which were excessively severe and unjust."

■ Civ.R. 37 allows trial courts to grant sanctions against parties who unjustifiably fail to comply with discovery. When crafting sanctions, trial courts have broad discretion. *Nakoff v. Fairview Gen. Hosp.* (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1, 3–4. Therefore, absent an abuse of that discretion, we will not overrule those sanctions. *Id.*

■ When deciding which, if any, sanction to impose, a trial court should consider the following factors:

"[T]he history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116, 1120.

■ In the present case, appellee requested that appellants provide her with any supporting documentation on February 20, 1997. When the appellants failed to timely respond to her discovery request, appellee filed a motion to compel on March 26, 1997. The trial court granted the motion and ordered appellants to comply by April 15, 1997. Appellants did not provide appellee with the documentation. Therefore, appellee filed a motion for sanctions on April 22, 1997.

The trial court subsequently granted appellee's motion on June 6, 1997. As sanctions, the trial court prohibited appellants from using any documents other than the previously submitted hospice records and decedent's revised will.

■ Sanctions pursuant to Civ.R. 37 act to remedy prejudice created by the failure to provide discovery. *Getter v. Getter* (1993), 90 Ohio App.3d 1, 5, 627 N.E.2d 1043, 1045–1046. Therefore, the sanction imposed must be limited to the scope of the prejudice. *Id.*

The record reflects that appellants failed to comply with appellee's original request for production of documents. Then, they failed to comply with a subsequent trial court order. Finally, they still had not fully complied with appellee's request by the end of the discovery deadline.

We find that appellants had many opportunities to respond to appellee's discovery request. Cf. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 85, 19 OBR 123, 124–125, 482 N.E.2d 1248, 1250 (sanctions may be imposed for failure to timely respond to reasonable inquiries); *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 35, 7 OBR 34, 37–38, 454 N.E.2d 177, 181 (holding that the exclusion of evidence may be invoked when necessary to enforce willful noncompliance). Furthermore, appellants never offered any explanation why they could not

comply with appellee's request for supporting documentation. Therefore, we find that the trial court did not err in imposing the sanctions against appellants.

Accordingly, we overrule appellants' first assignment of error.

"ASSIGNMENT OF ERROR NO. 2

"The Marion County Probate Court erred to the prejudice of plaintiffs-appellants by granting summary judgment where genuine issues of material fact exist and defendant-appellee is not entitled to judgment as a matter of law."

Summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192–1193; *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379–1380; *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339–340, 617 N.E.2d 1123, 1125–1126.

When reviewing a summary judgment motion, we must independently review the record to determine whether summary judgment was appropriate. *Morehead v. Conley* (1991), 75 Ohio App.3d 409, 411–412, 599 N.E.2d 786, 787–788. Therefore, we will review the trial court's granting of summary judgment de novo. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158.

It is well settled that the party seeking summary judgment bears the initial burden of showing that no genuine issue of material fact exists for trial. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 276; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. However, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings." *Chaney v. Clark Cty. Agricultural Soc.* (1993), 90 Ohio App.3d 421, 424, 629 N.E.2d 513, 515. Instead, once the initial burden has been met, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. *Id.; Dresher, supra,* at 293, 662 N.E.2d at 273–274.

In the present case, appellants initially maintain that the trial court erred in finding no genuine issue of material fact relating to decedent's testamentary capacity.

A person has testamentary capacity if the testator has sufficient mind and memory (1) to understand the nature of the business in which he is engaged, (2) to comprehend generally the nature and extent of his property, (3) to hold in his mind the names and identities of those who had natural claims upon his bounty,

and (4) to be able to appreciate his relation to members of his family. See *Niemes v. Niemes* (1917), 97 Ohio St. 145, 119 N.E. 503, paragraph four of the syllabus; *Taylor v. Garinger* (1986), 30 Ohio App.3d 184, 186–187, 30 OBR 326, 327–329, 507 N.E.2d 406, 408–409.

▇▇▇ We begin our analysis by noting that the trial court found some of appellants' affidavits inadmissible due to its prior sanctions order. However, we hold that this finding was in error.

In its sanctions order, the trial court forbade appellants from producing any supporting documents at trial, not the production of additional witnesses. Therefore, the trial court erred in refusing to consider appellants' supporting affidavits.[2]

▇▇▇ We further note that under Civ.R. 26(E)(1), a party is required to supplement only its list of expert, not lay, witnesses prior to trial. *Cleveland Hts./Univ. Hts. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision* (1995), 72 Ohio St.3d 189, 191, 648 N.E.2d 811, 813. The record reflects that appellants complied with appellee's original request for potential witnesses. Moreover, none of appellants' unlisted witnesses was an expert witness. Therefore, not having any duty to supplement their lay witness list, the trial court erred in excluding those affidavits.

Additionally, we note that two of the unlisted witnesses were named by appellant as being present at the time decedent signed the contested will. Therefore, appellee should have been on notice that these two individuals would be called to testify despite their names' not being included on appellants' expected list of lay witnesses. Accordingly, we find no prejudice suffered by appellee.

Finally, the trial court refused to consider the additional affidavits because they might contain excluded testimony. We find this to be meritless.

▇▇▇ Appellee attempts to argue that appellants' response to summary judgment contains new facts not included in the initial answer to appellee's interrogatories. However, pursuant to Civ.R. 26(E)(2) and (3), once a party has responded to a discovery request, he has no duty to supplement his response except:

"(2) A party who knows or later learns that his response is incorrect is under a duty seasonably to correct the response.

---

2. However, due to its previous sanctions order, the trial court properly refused to consider the additional documentary evidence consisting of appellee's dissolution action, documentation from Roxanne Laboratories, and written remembrances of decedent by appellee.

"(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through requests for supplementation of prior responses."

In the present case, appellee failed to request any supplemental response. Nor do we find any court order or agreement by the parties to continue supplementing appellee's original discovery request. Additionally, neither party has alleged that appellants' original responses were incorrect. Therefore, we find that appellants were under no duty to supply her with additional supporting grounds once they had previously answered her questions.

 Having found appellants' affidavits admissible, we turn to the trial court's finding that no genuine question of material fact existed. We note that both parties submitted conflicting affidavits as to decedent's testamentary capacity due to his illness. Therefore, we find a genuine question of fact regarding decedent's testamentary capacity. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 359, 604 N.E.2d 138, 140–141, citing *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 333, 587 N.E.2d 825, 831 (holding that reviewing courts are required to resolve any doubts in favor of the *nonmoving* party when analyzing a summary judgment motion). Accordingly, we hold that the trial court erred in granting summary judgment.

 Next, appellants contend that the trial court erred in granting summary judgment on the issue of undue influence. A finding of undue influence requires (1) a "susceptible" testator, (2) another's opportunity to exert undue influence on the testator, (3) improper influence exerted or attempted, and (4) a result showing the effect of such influence. *Redman v. Watch Tower Bible & Tract Soc. of Pennsylvania* (1994), 69 Ohio St.3d 98, 101, 630 N.E.2d 676, 678–679, citing *West v. Henry* (1962), 173 Ohio St. 498, 510–511, 20 O.O.2d 119, 125–126, 184 N.E.2d 200, 207–208; *Doyle v. Schott* (1989), 65 Ohio App.3d 92, 95–96, 582 N.E.2d 1057, 1059–1060; *Birman v. Sproat* (1988), 47 Ohio App.3d 65, 68, 546 N.E.2d 1354, 1357–1358; *Rich v. Quinn* (1983), 13 Ohio App.3d 102, 103, 13 OBR 119, 120–121, 468 N.E.2d 365, 367–368.

We have reviewed the record and find conflicting evidence concerning whether appellee exerted undue influence on decedent, causing him to change his will in her favor five days before he died. We find a question of fact on whether the issue of decedent's physical and mental condition on or near June 11, 1996 was created by the evidence offered. Moreover, the record provides evidence that appellee was in a position to exert influence over decedent. She was his long-time companion and person in whose home he resided in the days immediately preceding and following the change of his will in her favor.

Additionally, the evidence raises a question of fact as to whether appellee actually exerted her undue influence. Several affidavits submitted by appellants claim that appellee often threatened to leave appellant if he did not comply with her wishes. Moreover, they claimed that she withheld affection from appellant whenever he displeased her.

Finally, the fact that appellee was named, to appellants' detriment, as the executor and sole beneficiary of Jerry's estate satisfies the fourth element of undue influence. Therefore, we find that the trial court erroneously granted appellee's summary judgment motion. Accordingly, we sustain appellants' second assignment of error.

For the aforementioned reasons, we affirm in part and reverse in part the Marion County Common Pleas Court, Probate Division judgment. We further remand this case to the trial court for further proceedings in accordance with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.