OPINION
{¶ 1} Kenneth Dunaway died a resident of Brown County, Ohio. Dunaway's will, admitted to probate on July 18, 2001, left his entire estate to his wife, defendant-appellee, Nelda Dunaway, whom he also named as executor of the estate. Dunaway specifically excluded his two children, plaintiffs-appellants, Kevin Dunaway and Kenneth Lee Dunaway, from receiving any portion of his estate.
 {¶ 2} Appellants timely filed a will contest action claiming their father lacked sufficient testamentary capacity to execute the will and that he signed the will while under severe pressure or influence.
 {¶ 3} Appellee moved for summary judgment, claiming she was entitled to judgment as a matter of law since the net value of the assets of the estate was less than the statutory allowance she was entitled to receive as the surviving spouse if the will was declared invalid and set aside.
 {¶ 4} The trial court granted appellee's motion, finding there was no genuine issue of material fact and that appellee was entitled to judgment as a matter of law.[1] As their sole assignment of error, appellants claim the trial court erred in granting appellee's motion for summary judgment.
 {¶ 5} In a will contest, the single and ultimate issue to be determined is whether the writing produced is the last will or codicil of the testator. Hess v. Sommers (1982), 4 Ohio App.3d 281; Whitaker v.Weinrich (Dec. 14, 1987), Butler App. No. CA86-12-179.
 {¶ 6} The record reflects that an inventory has not been filed; neither has the content nor value of the decedent's estate been determined. It is not the probate court's function in a will contest to determine the content and value of the estate's inventory. In doing so, the lower court exceeded the limited statutory purposes of a will contest action.
 {¶ 7} Moreover, appellants challenged the testamentary capacity of the decedent and appellee has not demonstrated the absence of a genuine issue of material fact regarding this matter. Thus, it was error to award summary judgment to appellee. See Swihart v. Dozier (1998),127 Ohio App.3d 552.
 {¶ 8} The assignment of error is well-taken and sustained. We accordingly reverse the summary judgment granted to appellee and remand the matter for further proceedings on appellants' action to contest the validity of their father's will.
VALEN, P.J., and YOUNG, J., concur.
[1] The trial court's entry does not explain its reasons for granting judgment to appellee. The findings of a magistrate, however, state that "by statute, the surviving spouse is entitled to all."