OPINION
{¶ 1} The defendants-appellants, Richard and Eileen Carpenter, appeal the judgment of the Union County Common Pleas Court ordering them to pay attorney's fees in the amount of $6,661.10 as a discovery sanction pursuant to Civ. R. 37. On appeal, the Carpenters argue that the plaintiff-appellee, Ralph Yeager, failed to meet his burden of proof in showing that attorney's fees were reasonable and necessary. For the reasons set forth herein, we reverse the judgment of the trial court.
 {¶ 2} The procedural history of the underlying cause of action is irrelevant to the resolution of this appeal. Pertinent to this case, Yeager filed a motion to compel discovery on April 25, 2007 based on the Carpenters' refusal to provide the names and addresses of the lessors of certain real estate. On June 14, 2007, the trial court granted Yeager's motion and ordered the Carpenters to provide the requested discovery or be sanctioned. When the Carpenters failed to comply, Yeager filed a motion for contempt and for sanctions. The Carpenters then complied with the discovery request and filed a memorandum in opposition to the motion for sanctions. On November 14, 2007, the trial court held a hearing on the motion for contempt and for sanctions, and on November 29, 2007, the trial court granted the motion in part and denied the motion in part. *Page 3 
 {¶ 3} The court held a second hearing on January 31, 2008 to determine the amount of attorney's fees the Carpenters should pay as sanctions. At the hearing, Yeager's attorney made a statement to the court concerning the attorney's fees he had either charged, or was going to charge, to his client. Counsel submitted no evidence to the court and no witnesses testified; however, counsel referenced several documents he had previously filed with the court detailing the fees. The Carpenters' attorney also presented no evidence or testimony to the court, but challenged both the reasonableness of the hourly rate and the number of hours for which counsel was billing. On February 4, 2008, the trial court filed its judgment entry ordering the Carpenters to pay attorney's fees in the amount of $6,661.10. The Carpenters appeal the judgment of the trial court, asserting one assignment of error.
 Assignment of Error Ralph Yeager failed in his burden of proof to present sufficient evidence that attorney's fees he purportedly incurred were reasonable and necessary.
 {¶ 4} In the trial court's judgment of November 29, 2007, the court ordered: "that the Defendant fully reimburse the Plaintiff for the attorney fees filed in connection with this motion to compel and the instant motion in contempt. It is further ORDERED that the attorney fees and costs incurred in deposing Mr. Carpenter be reimbursed to the Plaintiff." (Emphasis in original). The court *Page 4 
noted that Yeager's attorney was forced to conduct the deposition of Richard Carpenter without the information he had previously requested and the court had previously ordered the defendants to provide.
 {¶ 5} Civ. R. 37(B)(2) states:
 If any party * * * fails to obey an order to provide or permit discovery * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others, the following: * * * In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances made an award of expenses unjust.
A trial court has broad discretion in fashioning sanctions under Civ. R. 37, and its decision will not be disturbed on appeal absent an abuse of discretion. Swihart v. Dozier (1998), 127 Ohio App.3d 552, 557,713 N.E.2d 482, citing Nakoff v. Fairview Gen. Hosp. (1996),75 Ohio St.3d 254, 256, 662 N.E.2d 1. See also Toney v. Berkemer (1983),6 Ohio St.3d 455, 458, 453 N.E.2d 700. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144, internal citations omitted. *Page 5 
 {¶ 6} On January 31, 2008, Yeager filed a "notice of filing of affidavit." Attached as Exhibit 1 was the affidavit of Christine Pullins, counsel's paralegal, in which she stated that "the hours of paralegal work shown on the Notice of Filing of Plaintiff s Attorney Fee Record previously filed in the within matter are a true and accurate [sic] of the work I performed on the Motion to Compel and the Motion for Sanctions, and that I performed the paralegal work listed on said Notice." The "notice of filing of Plaintiffs attorney fee record" was not filed until February 1, 2008; however, a detailed accounting of counsel's billable hours was attached to the filing. Counsel listed the date work was completed, what tasks he performed, and the total amount of time each task took to perform. The total time category was further divided to show how much of each task was related to the court's previous sanctions order and how much of the time was unrelated to that order. The accounting evidenced total billable hours of 49.2 at $210 per hour, a transcript cost of $1,028.60, and paralegal fees of 5.5 hours at $115 per hour.
 {¶ 7} At the hearing on January 31, 2008, Yeager's attorney referenced the notice of attorney's fees and Christine Pullins' affidavit in argument. Counsel indicated that the attorney's fees were for work completed on the motion to compel, the motion for sanctions, and Richard Carpenter's deposition. The Carpenters' attorney stated that the disclosed lessors of real property had been *Page 6 
harassed, which is why the Carpenters had not wanted to provide their names when requested to do so. Counsel also indicated that the majority of Richard's deposition had nothing to do with the lessors, and his deposition would have been taken regardless of their non-compliance with Yeager's request for discovery. Therefore, counsel argued that the fees associated with the deposition were unreasonable and should not be charged to the defendants.
 {¶ 8} The trial court took the matter under advisement, and in its judgment entry of February 4, 2008, the court determined what fees were reasonable, as provided by Civ. R. 37(B). The court noted that the Carpenters did not merely fail to provide discovery but instead refused to provide it. The court stated that the Carpenters' motivation was commendable, but their act of "stonewalling discovery" was "totally inappropriate." The court determined that 49.2 hours of work was somewhat excessive and "rounded off the time reasonably spent to 40 hours." The court determined that the fee of $210 per hour was unreasonable when compared to the fees charged by the Ohio Public Defender's Commission and the Court of Claims for victim compensation and found that the rate of $125 per hour was a reasonable general litigation fee in the relevant area of the state. The court accordingly ordered attorney's fees to be paid in the amount of $5,000, plus the cost of the transcript and paralegal fees. However, the court noted "[n]o *Page 7 
documentation such as a fee agreement was produced to substantiate" attorney's fees.
 {¶ 9} On this record, we cannot find that the court acted arbitrarily, unreasonably, or unconscionably. The amount of attorney's fees determined by the court was not an abuse of discretion. However, the Supreme Court has held that to award attorney's fees as a sanction under Civ. R. 37, there must be some evidence of a fee agreement or payment by the aggrieved party to the attorney. State ex rel. Citizens for Open,Responsive Accountable Govt. v. Register, 116 Ohio St.3d 88,2007-Ohio-5542, 876 N.E.2d 913, at ¶ 23-24. In Register, the court stated:
 Like an award of attorney fees under R.C. 149.43, an award of attorney fees as a sanction for a discovery violation must actually be incurred by the party seeking the award. See Civ. R. 37(D) (court shall require party failing to act or the attorney advising the party or both to pay the reasonable expenses, including attorney fees, "caused by the failure" [emphasis added]); cf. State ex rel. Beacon Journal Publishing Co. v. Akron, 104 Ohio St.3d 399, 2004-Ohio-6557, 819 N.E.2d 1087, ¶ 62, and cases cited therein (no entitlement to attorney fees for prevailing party in R.C. 149.43 public-records mandamus action when there is no evidence that the party actually paid or is obligated to pay attorney fees).
Register, at ¶ 24. As the trial court noted, Yeager produced no evidence that he had paid attorney's fees as it related to this issue and no fee agreement was provided to the court. On the authority ofRegister, since Yeager failed to *Page 8 
establish that he actually incurred attorney's fees, we must sustain the assignment of error.
 {¶ 10} The judgment of the Union County Common Pleas Court is reversed and this cause is remanded.
Judgment Reversed and Cause Remanded.
 PRESTON, J., concurs.
 ROGERS, J., concurs in Judgment Only. *Page 1