[Cite as *Wilkins v. Sha'ste Inc.*, 2013-Ohio-3527.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99167**

## KRISTEL WILKINS

PLAINTIFF-APPELLEE

vs.

## SHA'STE INCORPORATED, ET AL.

DEFENDANTS-APPELLANTS

[Appeal By:   Process to Closing, L.L.C.,
Defendant-Appellant]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-740106 and CV-753315

**BEFORE:**   Celebrezze, J., Stewart, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   August 15, 2013

**ATTORNEY FOR APPELLANT**

William D. Moore
815 Superior Avenue, East
1717 Superior Building
Cleveland, Ohio   44114


**ATTORNEY AND LEGAL INTERNS FOR APPELLEE**

Andrew S. Pollis
Milton A. Kramer Law Clinic Center
C.W.R.U. School of Law
11075 East Boulevard
Cleveland, Ohio   44106

Ruchi Asher
Emily Grannis
James Thomas
Legal Interns
Milton A. Kramer Law Clinic Center
C.W.R.U. School of Law
11075 East Boulevard
Cleveland, Ohio   44106

FRANK D. CELEBREZZE, JR., J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant, Process to Closing, L.L.C. ("appellant"), appeals the judgment of the trial court ordering it to pay attorney fees in the amount of $1,000 as a discovery sanction pursuant to Civ.R. 37. On appeal, appellant argues that plaintiff-appellee, Kristel Wilkins, failed to meet her burden of proof in showing that attorney fees were necessary. For the reasons set forth herein, we reverse the judgment of the trial court.

## I. Factual and Procedural History

{¶3} In April 2010, Wilkins retained the Milton A. Kramer Law Clinic Center ("the Clinic") to represent her in a dispute involving a home repair contract. The Clinic is operated by the Case Western Reserve University Law School. Students in the Clinic are certified legal interns representing low-income clients under the supervision of licensed attorneys. Although the Clinic agreed not to charge Wilkins any fees for her representation, her retainer agreement specifically contemplated the award of attorney fees from adverse parties, and Wilkins agreed to be responsible for paying other costs and expenses related to the case.

{¶4} On October 28, 2010, Wilkins filed her complaint against Sha'ste Incorporated and Steve Davis in Cuyahoga C.P. No. CV-740106, alleging damages arising out of a home-repair contract. On April 15, 2011, Wilkins filed a related

complaint against defendants RBS Citizens National Association in Cuyahoga C.P. No. CV-753315 and later named appellant in an amended complaint. The cases were consolidated by the trial court on May 16, 2011.

{¶5} On August 19, 2011, Wilkins served appellant with discovery demands in the form of interrogatories, requests to produce, and demand for admissions. Appellant's responses were due on September 19, 2011. When appellant failed to timely respond to the discovery demands, Wilkins filed a motion to compel discovery and for sanctions pursuant to Civ.R. 37(A) on October 13, 2011. Wilkins supported her motion with the sworn affidavit of her attorney, Andrew S. Pollis. Appellant did not oppose that motion, and on November 22, 2011, the trial court granted Wilkins's motion, including an award of attorney fees in the sum of $1,000 as a discovery sanction.

{¶6} On November 20, 2011, appellant moved the trial court to vacate its sanction order. On December 23, 2011, the trial court denied appellant's motion. After resolving her claims against all other defendants, Wilkins voluntarily dismissed her claims against appellant on October 11, 2012.

{¶7} Appellant now brings this timely appeal, raising two assignments of error for review:

> I. A party is not entitled to an award of attorney fees as a sanction under Civ.R. 37 if she has not paid, or has no obligation to pay, attorney fees.
> II. The trial court did not have sufficient evidence to determine the reasonable amount awarded as attorney fees under the circumstances.

## II. Law and Analysis

### A. Civ.R. 37

{¶8} In its first assignment of error, appellant argues that a party is not entitled to an award of attorney fees as a sanction under Civ.R. 37 where, as here, the party has not paid, or has no obligation to pay, attorney fees.

{¶9} The decision to impose sanctions pursuant to Civ.R. 37 is within the discretion of the trial court; thus, we will not reverse the trial court's decision absent an abuse of discretion. *Maurer v. Boyd*, 9th Dist. Summit No. 23818, 2008-Ohio-1384, ¶ 5, citing *Millis Transfer, Inc. v. Z & Z Distrib. Co.*, 76 Ohio App.3d 628, 602 N.E.2d 766 (6th Dist.1991).

{¶10} Civ.R. 37(A) provides that parties may file motions for orders compelling discovery. If the motion is granted, Civ.R. 37(A)(4) provides that

> * * * the court shall, after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party *the reasonable expenses incurred in obtaining the order, including attorney's fees,* unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.)

{¶11} Recently, this court determined that legal interns, under the supervision of an attorney-professor, were entitled to an award of attorney fees under R.C. 1345.09(F)(2). *Favors v. Burke*, 8th Dist. Cuyahoga No. 98617, 2013-Ohio-823. In justifying the award, this court relied on Gov.Bar R. II, which states in pertinent part:

> A legal intern shall not ask for or receive any compensation or remuneration of any kind from a financially needy client on whose behalf services are rendered. However, the law school clinic, legal aid bureau, public defender's office, or other legal services organization may be

awarded attorney fees for services rendered by the legal intern consistent with the Ohio Rules of Professional Conduct and as provided by law.

*Favors* at ¶ 26.

**{¶12}** However, unlike *Favors*, where sanctions were ordered pursuant to R.C. 1345.09(F)(2), the case at hand involves sanctions requested pursuant to Civ.R. 37(A)(4). While we recognize the clear language of Gov.Bar R. II and its directive that legal interns may recover attorney fees as permitted by law, we are unable to ignore the Supreme Court of Ohio's application of Civ.R. 37 in *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913. In *Register*, the Supreme Court of Ohio denied Citizens' requested attorney fees under Civ.R. 37(D) based on Citizens' failure to produce evidence that it had "actually paid or was obligated to pay" its attorney a fee. *Id*. at ¶ 23-24. The court held that in order for a trial court to award attorney fees as a sanction under Civ.R. 37, there must be some evidence of a fee agreement or payment by the aggrieved party to his or her attorney. *Id*. Accordingly, the court concluded that "an award of attorney fees as a sanction for a discovery violation must actually be incurred by the party seeking the award." *Id.*

**{¶13}** In the case sub judice, Wilkins was not obligated to pay attorney fees. Thus, on the authority of the Ohio Supreme Court, we must sustain the assignment of error, albeit reluctantly, based on Wilkins's inability to produce evidence that she actually incurred attorney fees as a result of the legal interns obtaining the order compelling discovery in this matter. Moreover, we find no merit to Wilkins's assertion that *Register*

is only relevant to cases involving Civ.R. 37(D) and does not apply to a motion for sanctions brought under Civ.R. 37(A)(4). *See Yeager v. Carpenter*, 3d Dist. Union No. 14-08-15, 2008-Ohio-4646, ¶ 9 (applying *Register* to Civ.R. 37 in general); *see also Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, 917 N.E.2d 349 (9th Dist.) (applying *Register* to a motion for sanctions brought under Civ.R. 37(A)(4)).

{¶14} Appellant's first assignment of error is sustained.

{¶15} Based on our resolution of appellant's first assignment of error, appellant's second assignment of error is rendered moot.

{¶16} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

LARRY A. JONES, SR., J., CONCURS;
MELODY J. STEWART, A.J., DISSENTS (WITH SEPARATE OPINION)

MELODY J. STEWART, A.J., DISSENTING:

**{¶17}** I am not convinced that the Supreme Court's analysis in *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, is dispositive of the issue in this case. Furthermore, a decision that holds that indigent clients are not entitled to an award of attorney fees for their lawyers who provide pro bono representation is in complete derogation of the Supreme Court Rules for the Government of the Bar of Ohio and bad public policy. I would affirm the trial court's decision.

**{¶18}** *Register* is an original action for a writ of mandamus filed in the Supreme Court of Ohio. In *Register,* the relator moved the court pursuant to Civ.R. 37(D) for an award of expenses and attorney fees against the respondent and her attorney as a discovery sanction for failure to attend a duly noticed deposition. The court awarded an amount for expenses the relator proved it incurred (court reporter fees, copies, etc.), but declined to award attorney fees finding that "Citizens introduced no evidence or argument that it has actually paid or is obligated to pay [the] attorney fees in this case." *Id*. at ¶ 24.

**{¶19}** Unlike the relator in *Register*, Wilkins did introduce evidence of her fee arrangement with the law clinic that required her to assist and cooperate with efforts to obtain attorney fees from adverse parties. This should suffice for a client who is being represented pro bono. Furthermore, the "caused by" language in Civ.R. 37(D) and the "incurred" language in Civ.R. 37(A)(4) are different. And as Wilkins notes, *Register* does not specifically prohibit an award of attorney fees pursuant to Civ.R. 37(A)(4).

**{¶20}** Finding no merit to the argument that the holding in *Register* is not dispositive of this case, the majority cites to *Yeager v. Carpenter*, 3d Dist. Union No. 14-08-15, 2008-Ohio-4646, and *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, 917 N.E.2d 349 (9th Dist.), for the proposition that *Register* applies to Civ.R. 37 in general and to a motion for sanctions brought under Civ.R. 37(A)(4) specifically. The majority's reliance on these cases is misplaced.

**{¶21}** Although the court in *Yeager* referenced Civ.R. 37 in general, the case dealt with a motion for sanctions pursuant to Civ.R. 37(B). That section of the rule, like Civ.R. 37(D), contains the "caused by" language. And the court in *Wrinch* did not apply *Register* to preclude the award of fees. The *Wrinch* court concluded that:

> While the trial court clearly had the authority pursuant to Civ.R.37(A)(4) and Civ. R.37(D) to award reasonable attorney's fees, it is equally apparent from the record that the evidence presented was not sufficient to determine what fees the [moving parties] actually incurred or whether the fees were reasonable under the circumstances. Thus, while it was not error for the trial court to award attorney's fees in this instance, the absence of evidence indicating the actual amount of the fees or that the awarded amount was reasonable requires us to reverse and remand so that the trial court can properly determine the appropriate award.

*Id.* at ¶ 40.

**{¶22}** The majority's reliance on *Register* and the other cases it cites is also misplaced because none of those cases deal specifically with an award of attorney fees to a legal services organization. As the majority notes, this court has awarded attorney fees, on the authority of Gov.Bar R. II, to a party who is represented pro bono by a legal services organization. *See Favors v. Burke*, 8th Dist. Cuyahoga No. 98617,

2013-Ohio-823. Gov.Bar R. II, section 6 permits an award of attorney fees to law school clinics, legal aid bureaus, the public defender's office, or other legal services organizations for services rendered by a legal intern. These types of legal service organizations serve two very important purposes: providing access to the courts for people who are indigent, and helping to educate law students with practical legal training. The significance of both of these purposes is recognized by the Supreme Court. *See* Gov.Bar R. II and the Supreme Court of Ohio Professional Ideals for Ohio Lawyers and Judges.[1]

{¶23} Finally, unlike other provisions for the award of sanctions under Civ.R. 37, section (A)(4) of the rule is the only provision that serves as a double-edged sword: invoking application of the rule could result in favorable or unfavorable consequences. In addition to providing for an award of attorney fees and expenses to a moving party who has her motion granted, section (4)(A) also provides:

> If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

{¶24} Under the majority's analysis, an indigent party who is represented pro bono by a legal services organization, and/or the attorney of a legal services organization, could

---

[1] Supreme Court of Ohio, "*Statement Regarding the Provision of Pro Bono Legal Services by Ohio Lawyers*," (Sept. 20, 2007), http://www.supremecourt.ohio.gov/AttySvcs/officeAttySvcs/proBono.pdf (accessed July 31, 2013).

be required to pay expenses and attorney fees as a discovery sanction, yet be precluded from recovering the same.

{¶25} Expanding the holding of *Register* to stand for the proposition that lawyers who provide pro bono legal services are not entitled to attorney fees as a discovery sanction because no expenses were "incurred" gives fee-for-service lawyers an unfair, and surely unintended, advantage over opposing counsel who are working pro bono, and is inconsistent with the Supreme Court's encouragement to provide pro bono legal services and to ensure access to the courts. For these reasons, I dissent.