[Cite as *Claybrooks v. Giant Eagle Inc.*, 2016-Ohio-7966.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104347

---

# ADRIAN CLAYBROOKS

PLAINTIFF-APPELLANT

vs.

# GIANT EAGLE INC., ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-841726

**BEFORE:** S. Gallagher, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 1, 2016

**ATTORNEY FOR APPELLANT**

Michael T. Conway
3456 Sandlewood Drive
Brunswick, Ohio   44212


**ATTORNEYS FOR APPELLEES**

Bonnie L. Kristan
Littler Mendelson P.C.
1100 Superior Avenue, East
20th Floor
Cleveland, Ohio   44114

James F. Rosenberg
Elly Heller Toig
Marcus & Shapira
301 Grant Street, 35th Floor
One Oxford Center
Pittsburgh, Pennsylvania   15219

SEAN C. GALLAGHER, J.:

**{¶1}** Adrian Claybrooks belatedly challenges an award of discovery sanctions imposed under Civ.R 37(D), brought in the guise of appealing the trial court's post-dispositive imposition of a two-week deadline to comply with the sanctions order.[1] We must dismiss for the want of jurisdiction.

**{¶2}** Claybrooks filed a wrongful termination action against his former employer based on claims of racial discrimination. During the discovery phase, Claybrooks failed to attend his scheduled deposition. The trial court, in November 2015, imposed sanctions against Claybrooks in the amount of $2,904.57 under Civ.R. 37(D). The trial court expressly considered the reasonableness of the attorney fees and expenses incurred in attending the deposition and prosecuting the motion for sanctions, and also noted that

---

[1]Claybrooks also appeals the denial of his motion to correct a supposedly defamatory judgment entry issued by the trial court. On March 16, 2016, the trial court issued an order in part granting and denying "Defendants' Motion to Enforce Sanctions and for Imposition of Additional Sanctions Due to the Contempt of Court of Plaintiff and His Counsel, filed 12/22/2015." Claybrooks believes the trial court's reference to the defendants' motion is defamatory and the trial court should have used "neutral language" when denying that part of the motion. Instead of providing authority and arguments in support of the assigned error in his appellate brief, Claybrooks stated that "I don't think we need to get into a big discussion about how unfair it is to make it appear that an innocent party is in contempt of Court on the docket when they are not." App.R. 16(A)(7) requires not only the discussion, but also citations to relevant case or statutory authority. Because the appeal from the trial court's order denying a motion to correct the record omitted a discussion of the assigned error accompanied with relevant authority, we will not consider it. App.R. 12(A)(2); *Hawley v. Ritley*, 35 Ohio St.3d 157, 159, 519 N.E.2d 390 (1988).

Claybrooks failed to present anything other than his counsel's personal opinion that the fees and expenses were unreasonable. Claybrooks voluntarily dismissed his action in December 2015, but did not timely appeal or settle the sanctions issue.

{¶3} Following this dismissal of the action, defendants Giant Eagle, Riser Foods Company, and Larry Doubrava filed a motion to enforce the discovery sanction order. In response, Claybrooks contended that his notice of voluntary dismissal divested the trial court of jurisdiction to enforce the Civ.R. 37(D) sanctions already imposed. The trial court disagreed, referring to long-standing precedent that although a voluntary dismissal under Civ.R. 41(A)(1) generally divests a court of jurisdiction, a court may consider collateral issues not related to the merits of the action, including consideration of sanctions. *Dyson v. Adrenaline Dreams Adventures*, 143 Ohio App.3d 69, 72, 757 N.E.2d 401 (8th Dist.2001), citing *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 556-557, 740 N.E.2d 265 (2001); *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). This is especially true as long as a motion for sanctions under Civ.R. 37(D) is filed before the dismissal of the action. *Id.* In such a case, the trial court acquired jurisdiction of the collateral matters before and retained jurisdiction after a Civ.R. 41(A)(1) dismissal. *Id.*; *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 11. Relying on that retained jurisdiction, the trial court imposed a two-week deadline to comply with the previously imposed sanctions.

{¶4} Instead of resolving the outstanding collateral issue before the deadline, Claybrooks appealed, attaching the trial court's post-dispositive order imposing the two-week deadline. Claybrooks, however, is not challenging the trial court's authority to enforce the previous sanction order. Instead, the crux of his appellate argument challenges the imposition of discovery sanctions itself. Claybrooks's appeal is necessarily based on two assumptions: (1) that we have jurisdiction to consider the merits of any challenges to the discovery sanctions imposed before the notice of voluntary dismissal was filed; and (2) that the post-dispositive order imposing a two-week deadline is a final appealable one under R.C. 2505.02. Neither of Claybrooks's assumptions is true.

{¶5} We lack jurisdiction to consider the merits of the November 2015 order imposing the discovery sanctions in this appeal filed in April 2016. The trial court's sanction order was final, at the latest, on December 20, 2015, when the notice of voluntary dismissal was filed under Civ.R. 41(A)(1), which disposed of all underlying claims advanced in the complaint. *See, e.g., Wilkins v. Sha'ste Inc.*, 8th Dist. Cuyahoga No. 99167, 2013-Ohio-3527, ¶ 6 (appeal of discovery sanctions filed upon resolution of all underlying claims before the trial court); *Maurer v. DaimlerChrysler Corp.*, 8th Dist. Cuyahoga No. 92493, 2009-Ohio-5375, ¶ 22 (the imposition of sanctions is not final, and thus cannot be appealed, until all underlying claims are resolved). Claybrook failed to perfect an appeal from that order within the following 30 days as required by App.R. 4(A). *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531

N.E.2d 713 (1988) ("[w]here a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal."). We, therefore, cannot consider the reasonableness of the fees awarded under Civ.R. 37(D) or whether separate service of the motion for sanctions was required under Civ.R. 5 — issues that could have been raised in the direct appeal had one been timely filed. *Id.*

{¶6} The only remaining issue is the post-dispositive, contempt proceedings addressing Claybrooks's failure to abide by the trial court's order imposing sanctions, which must be presumed to be valid based on the failure to appeal. The contempt proceedings, however, have not been concluded, and the order imposing a deadline for compliance or to show cause is not a final appealable one under R.C. 2505.02. Appellate courts have jurisdiction to only review final orders or judgments. Ohio Constitution, Article IV, Section 3(B)(2); *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10. A party cannot appeal contempt proceedings until the trial court issues an order finding the party in contempt and, if the contempt is civil in nature, also imposes a conditional sentence. *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035. Claybrooks's appeal from the order imposing a two-week deadline to comply with the outstanding discovery sanctions is premature.

{¶7} We cannot review the contempt proceedings until those are resolved, and we lack jurisdiction to consider the merits of the discovery sanctions order because it was not

timely appealed under AppR. 4(A). The appeal is dismissed for the lack of a final appealable order and for the want of jurisdiction to consider the merits of the imposition of discovery sanctions.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR