[Cite as *Danczak v. Danczak*, 2023-Ohio-1032.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DENNIS DANCZAK,                          :

    Plaintiff-Appellant,          :

                                     No. 111302

    v.                             :

KARA LYNN DANCZAK,                       :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 30, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-354294

---

### *Appearances:*

Dennis Danczak, *pro se.*

Michael R. Bassett, *for appellee.*

LISA B. FORBES, P.J.:

{¶ 1} Appellant Dennis Danczak, ("Father") acting pro se, appeals the trial court's January 20, 2022 journal entry denying his motion for findings of fact and conclusions of law, assigning error related to the trial court's January 5, 2022

modification of child support. After reviewing the facts of the case and the pertinent law, we dismiss Father's appeal as untimely.

## I.  Facts and Procedural History

{¶ 2} In this divorce case, Father, and appellee Kara Danczak ("Mother") filed various motions with the trial court. Pertinent to this appeal is Mother's motion to modify child support.

{¶ 3} On January 5, 2022, the trial court issued two journal entries. The first overruled Father's Objections to magistrate's decision. The second was an eight-page journal entry that adopted the magistrate's decision and granted Mother's motion to modify child support, which included findings of fact and conclusions of law and was accompanied by the worksheet that was used to compute child support and cash medical support. Father did not file a direct appeal from this final order. Rather, on January 11, 2022, Father filed a "motion for findings of facts and conclusions of law" pursuant to Civ.R. 52.

{¶ 4} On January 20, 2022, the trial court denied Father's motion for findings of facts and conclusions of law, acknowledging that its January 5, 2022 journal entry "fully compl[ied] with Civil Rule 52 and sets forth facts and conclusions of law adequate to permit a higher court to review the decision."

{¶ 5} It is from this order that Father appeals raising the following three assignments of error:

> The final appealable order at issue should be reversed and vacated because the unreasonable decision fails to adhere to the strict documentation requirements necessary for a court to properly evaluate

and modify child support payments in direct contravention to the Ohio Revised Code, most notably O.R.C. § 3119.04.

The trial court committed reversible error by granting [Mother] an annual credit in the amount of $15,000 for her alleged work-related child care expenses when the credit is not permitted by law and was not supported by the record.

The lower court abused its discretion by denying [Father] the 10% annual reduction in child support payments without any justifiable cause given that [Father] meets the qualifying guidelines specified in O.R.C. § 3119.051.

## II. Law and Analysis

{¶ 6} At the outset, we must determine whether Father's appeal is timely. Father's assignments of error relate to the trial court's January 5, 2022 journal entry granting Mother's motion to modify child support. Father filed his direct appeal on February 18, 2022, and, although he attached the January 20, 2022 journal entry denying his Civ.R. 52 motion to the notice of appeal, his assignments of error relate to the trial court's January 5, 2022 journal entry.

{¶ 7} Pursuant to App.R. 4(A), appellants must file a notice of appeal "within 30 days" of the trial court's entry of a final appealable order. However, the time to file a notice of appeal may be tolled if a party makes a "timely and appropriate * * * request for findings of fact and conclusions of law under Civ.R. 52 * * *." App.R. 4(B)(2)(d).

{¶ 8} This court has stated that an appellant is not permitted "to make an 'end run' around App.R. 4(A) by filing an inappropriate Civ.R. 52 motion." *Stafford & Stafford Co., L.P.A. v. Steele*, 8th Dist. Cuyahoga No. 99554, 2013-Ohio-4042, ¶ 20. "In general, a request for findings of fact and conclusions of law is not

'appropriate' pursuant to App.R. 4(B)(2) if the trial court incorporated the findings of fact and conclusions of law into its original judgment." *Theriot v. Hetrick*, 8th Dist. Cuyahoga No. 109364, 2020-Ohio-6995, ¶ 20. Therefore, when the trial court issues findings of fact and conclusions of law in its original judgment entry, "[a] subsequent motion for findings of fact and conclusions of law [is] superfluous. And being superfluous, the motion [does] not toll the running of the time for appeal." *Besman v. Leventhal*, 8th Dist. Cuyahoga No. 104414, 2017-Ohio-464, ¶ 10. *See also Bonnette v. Bonnette*, 9th Dist. Lorain No. 12CA010175, 2013-Ohio-981, ¶ 6 (concluding that a Civ.R. 52 motion for findings of fact and conclusion of law did not toll the time to appeal when a divorce decree already included separate findings of fact and conclusions of law).

{¶ 9} Here, the court issued findings of fact and conclusions of law in its January 5, 2022 judgment entry granting Mother's motion to modify child support. Therefore, in the case at hand, Father's Civ.R. 52 motion for findings of fact and conclusions of law was inappropriate and did not toll the time to appeal.[1] *See Besman*; *Bonnette*.

{¶ 10} Father's attempt to appeal from the trial court's denial of his inappropriate Civ.R. 52 motion appears to be an attempt to "bootstrap" his appeal.

> "Bootstrapping" is "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed." *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135,

---

[1] As noted, Father attached the January 20, 2022 journal entry denying his motion for findings of fact and conclusions of law to his February 18, 2022 notice of appeal. Had Father raised error related to the denial of his motion, those assignments of error may have been reviewable.

¶ 9. Such attempt is "procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order" and is disfavored. *Williamson* [at ¶ 9], citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims).

*State v. Bhambra*, 8th Dist. Cuyahoga No. 105283, 2017-Ohio-8485, ¶ 12.

{¶ 11} Therefore, because the trial court's January 5, 2022 journal entry was a final appealable order, and Father did not file his notice of appeal until February 18, 2022, Father did not appeal within the 30 days prescribed by App.R. 4. Accordingly, we are without jurisdiction to hear the merits any of Father's assignments of error and Father's appeal is dismissed. *Claybrooks v. Giant Eagle, Inc.*, 8th Dist. Cuyahoga No. 104347, 2016-Ohio-7966, ¶ 5; *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988) ("[w]here a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider issues that should have been raised in the appeal.").

{¶ 12} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

MARY J. BOYLE, J., and
MICHAEL JOHN RYAN, J., CONCUR